**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

(Marquita Hagins ]

    Plaintiff ]

                              Vs]        Request for Settlement

                                             Reserve the Right To Amend

State of North Carolina]

Judge Crystal Sherron]

Attorney Aaron Gavin

Judge Michelle Ball

    Defendants]

## 5.5 MILLION DOLLAR CIVIL LAWSUIT FOR FRAUDULENT CONCEALMENT, WRONGFUL FORECLOSURE BREACH OF CONTRACT, AND THIS CLAIM IS ALSO FOR THE ATTORNEY'S HOUSE AND ASSETS

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

COMES NOW, Marquita Hagins, proceeding *in propia persona*, and files her civil lawsuit wrongful foreclosure/breach of contract on the property located at 222 Trailing Oak trl. Clayton NC 27527. The defendants fraudulently concealed the fact that the original contract was altered and stolen and that there was an addition to the stolen agreement with the following items that are missing from the contract filed in this case:

1) the agreement intends that the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money,

2) The bank or financial institution involved in the alleged loan will follow GAAP,

3) the lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower,

4) the borrower does not provide any money, money equivalent, credit, funds or capital, or thing of value that a bank or financial institution will use to give value to a check or similar instrument,

5) the borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per GAAP, thus ending all interest and liens and

6) the written agreement gives full disclosure of all material facts.

7) The foreclosure process would be held in a judicial court using the Constitution and due process.

**Facts of The Dispute:**

The bank advertised that they loan money.

a. I applied for a loan.

b. They refused to loan me a legal tender or other depositors' money to fund the alleged bank loan check.

c. The bank misrepresented the alleged agreement's elements to the borrower.

d. There is no bona fide signature on the alleged promissory note.

e. The promissory note is a forgery.

f. The promissory note—with my name on it— obligates me to pay $347,637 plus interest, giving it a value today of $450,000 if it were sold to investors.

g. The bank recorded the forged promissory note as a loan from me to the bank.

h. The bank used this loan to fund my alleged bank loan check.

i. The bank refused to loan me a legal tender or other depositors' money in the amount of $350,000 or repay the unauthorized loan it recorded from me to the bank.

j. The bank changed the cost and the risk of the alleged loan.

k. The bank operated without my knowledge, permission, authorization, or agreement.

l. The bank denied me due process and equal protection under the law.

m. The bank refused to disclose material facts of the alleged agreement and refused to tell me if the agreement was for me to fund the alleged bank loan check or if the bank was to use the bank's legal tender or other depositors' money to fund the bank loan check.

n. They refused to disclose whether the check was the consideration loaned for the alleged promissory note.

o. The bank failed to disclose whether the promissory note is money.

q. It appears the bank recorded the promissory note as an unauthorized loan from me to the bank.

**Scheme to Defraud**

a. The contract filed in this case is forged and needs at least 6- provisions listed in the original contract.

b. The foreclosure statute used to provide the court with jurisdiction is not a valid law, as the State Constitution states that three elements must be present for it to be valid.

c. The State constitution mandates that all laws be enacted and have an enacting clause, a title, and a body.

d. The Original Contract, which has the signatures of both the alleged borrower and the lender, has never been filed in court to verify that there was a bilateral contract.

e. With a certificate of accounting entries, the attorneys cannot verify there was a debt.

## The Attorney Is Acting As a 3rd Party Debt Collector.

The attorney and the law firm are the only corporations that have signed the documents to start the unlawful foreclosure. The attorney cannot verify the agency or produce a power of attorney to confirm that the lender is involved with the foreclosure. The attorney created this dispute as a 3rd party debt collector without legal standing.

## Possible R. I. C. O. Claim?

The plaintiff hereby complaints and alleges the following claims for relief under "Civil Rico" Federal Racketeering laws (Title 18 U.S.C. 1964): The lender has established a "pattern of racketeering activity" by using the U.S. Mail more than twice to collect an unlawful debt, and the defendants violated Title 18 U.S.C. 1341, 1343, 1961, and 1962.

## The Fraudulent Concealment Doctrine:

The United States Supreme Court adopted the fraudulent concealment doctrine as a Federal Common Law matter in the 1874 case Bailey v Glover. The Supreme Court recognized that people who commit fraud should not benefit from their misconduct. The concealment of the court's lack of jurisdiction was a material fact, and the conspirators had a duty to disclose it. The fact that the conspirators failed to disclose these material facts verifies their intent to defraud the plaintiff. The plaintiff thought she was summoned to a Judicial Court where she would be granted her constitutional rights. The administrative court operated based on local rules unrelated to the constitution or federal law. The plaintiff relied on the absence of the concealed facts and suffered damage because of the concealment.

**Lack of Standing:**

The defendant who initiated the judicial foreclosure did not have standing to execute the power of sale clause in the deed of trust. The lack of authority to execute the power of sale clause and the other claims mentioned herein is the basis for this wrongful foreclosure lawsuit.

**Violation of The Truth In Lending Act:**

3.1 The defendant (Aaron Gavin) violated the Truth in Lending Act, Regulation Z, 12 CFR §226.23, which states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was zero because Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange. The defendant's (Aaron Gavin) fraudulent concealment misled the Court.

3.2 The attorney has no license to practice law and, therefore, is not qualified to represent a fictitious corporation in court.

3.4 The Supreme Court ruled that lawyers and attorneys are NOT licensed to practice law, the nature of lawyer-craft in America as per the United States Supreme Court; The practice of Law CAN NOT be licensed by any state/State. (Schware v. Board of Examiners, 353 U.S. 238, 239).

**IV. Jurisdiction:**

4.1 The Constitution and 28 U.S.C. § 1332 vest federal courts with jurisdiction to hear cases that "arise under" federal law.

4.2 The Constitution vests federal courts with the authority to hear cases "arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. art III, § 2. Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**V. The Two Jurisdictions for The Court to Operate Under:**

5.1 The plaintiff is only aware of two jurisdictions the court can operate under as per the Constitution: **Common Law** and **Admiralty Jurisdiction.**

5.2 If the court chooses to proceed under Admiralty Jurisdiction, the plaintiff will need the court to inform her where the rules of procedures for admiralty jurisdiction can be found.

**VI. A Federal Question- Jurisdiction and Statement of a Claim:**

6.1 The test determining whether allegations are sufficient to confer federal question jurisdiction has two prongs.

6.2 First, under the statute, the plaintiff must present a federal question-a claim "arising under the Constitution, laws, or treaties of the United States. See: *18. 28 U.S.C. § 1331 (1982). This statutory requirement is grounded in the Constitution. See U.S. Const. art. III, § 2.* "1" Second, courts have added that the federal question must be "substantial." *See Hagans v. Lavine, 415 U.S. 528, 536-38 (1974); Bell v. Hood, 327 U.S. 678, 682-83 (1946); 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3564, at 66-77 (1984).*

6.3 The plaintiff pleaded with factual content and evidence documented in the defendant's records that allowed the court to draw the reasonable inference that the defendant was guilty of violating Federal Laws.

### VII. Reservation of Rights Under UCC-1-308:

7.1 I have reserved my rights under the UCC 1-308, formally 1-207, and demand the statutes used in this court be construed in harmony with Common Law.

7.2 The code is complimentary to the common law, which remains in force, except where displaced by the code.

7.3 A statute should be construed in harmony with the common law unless there is a clear legislative intent to abrogate the common law.

7.4 The code was not written to abolish common law entirely. I was not involved with an international maritime contract, so in good faith, I deny that such a contract exists and demand the court proceed under Common Law Jurisdiction.

8.7 The defendant's duty was breached because they never provided a loan to the plaintiff.

8.9 The alleged loan involved exchanging the plaintiff's signed promissory note for electronic credits from the Federal Reserve.

8.10 Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and a liability to the lender. UCC §1-201(24), §3-104, §3-306, §3-105, UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511, UCC §§9-102(9), (11), (12)(B), (49), (64), 12 USC 1813(l)(1).

8.11 The defendant's accounting records will show the corporation has an offsetting liability to the homeowner under FAS 95, GAAP and Thrift Finance Reports (TFR), and the alleged loan was always an asset to the defendants.

8.12 These records include a. **FR 2046 balance sheet**, b. **1099-OID report**, c. **S-3/A Registration Statement**, d. **424-B5 Prospectus** and, e. **RC-S & RC-B Call Schedules.**

8.13 The corporation never **registered** the commercial instrument because they knew it was a financial asset to the debtor and that there was a breach.

8.14 The breach of contract has damaged the plaintiff in the following manner, and the plaintiff is demanding compensatory damages to reimburse the plaintiff for costs associated with the injury. All the monthly payments made on a fake loan plus interest for the number of year's payments were made and legal expenses of $50,000.

8.15 Plaintiff also demands punitive damages as a remedy for the defendant's intentional and excessively reckless conduct. The wrongful foreclosure has adverse effects on the plaintiff's credit report.

8.16 The plaintiff also has other claims for relief because she will prove the defendants fraudulently concealed the conspiracy to deprive the plaintiff of property without the administration of justice, in violation of the plaintiff's due process of law under Title 42 U.S.C. 1983 (Constitutional injury), 1985 (Conspiracy) and 1986 ("Knowledge" and "Neglect to Prevent" a U.S. Constitutional Wrong).

8.17 Under Title 18 U.S.C.A. 241 (Conspiracy), violators "shall be fined.

8.18 there is no legal trustee because the promissory note and deed of trust were **never registered into the trust** because the promissory note was bundled and sold during the securitizing process.

8.19 The deed of trust states that the debt's repayment is evidenced by the "NOTE;" however, the "Original" note was not filed in the court record.

8.20 Without that Note, the defendants cannot verify any debt.

8.21 In the legal community, it is well known that **a trust deed** is always used together with a **promissory note** setting out the amount and terms of the alleged loan.

8.22 The deed of trust and the promissory note must always be together. Without the note and loan accounting entries, the attorney failed to prove any debt, a second fatal flaw in the wrongful foreclosure.

8.23 The attorney violated the **FDCPA** because they do not have a license to collect a debt, no bond in place to be a debt collector, and are not registered in the States they are attempting to collect in. These legal documents must be placed on the court record to verify that the defendant is a legal debt collector.

The plaintiff's claims are brought forward Under Common Law:

### IX. Elements for Common Law:

9.1 Controversy (The listed defendants)

9.2 Specific Claim (wrongful foreclosure)

9.3 Specific Remedy Sought by Claimant (5.5 million dollars)

9.4 Claim Must be Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein is true.

**XI. Parties:**

11. State of North Carolina

11.2 Judge Crystal Sherron

11.3 Attorney Aaron Gavin

11.4 Judge Michelle Ball

**XII.** The Truth in Lending Act, Regulation Z, 12 CFR §226.23:

12.1 The original debt was zero because Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange. The failure to disclose the true nature of the exchange clearly amounts to misrepresentation, fraud, harassment, unfair means, and deception to collect debt.

**XIII. Breach of Contract:**

13.1 On or about June 29, 2020, the plaintiffs purchased a home and obtained a mortgage loan from Homeside Financial LLC Corporation for approximately $350,000.

13.2 The plaintiff was never given a loan; the original debt was zero because the plaintiff's financial assets were exchanged for FED's promissory notes in an even exchange.

13.3 The alleged loan was created with plaintiff's signature because all commercial instruments such as promissory notes, credit agreements, bills of exchange and checks are defined as legal tender, or money, by the statutes such as 12 USC 1813(l)(1), UCC §1-201(24), §3-104, §8-102(9), §§9-102(9), (11), (12)(B), (49), (64).

13.4 These statutes define a promissory note or security as negotiable (sellable) because it is a financial asset. This is necessary because contracts requiring lawful money are illegal under Title 31 USC §5118(d)(2). All debts today are discharged by promises to pay in the future.

13.5 Federal Reserve notes are registered securities, promises to pay in the future, secured by liens on promissory notes of collateral owned by real people.

13.5 The statutes do not provide the Federal Reserve with a monopoly on promissory notes, as debt collectors insist.

13.6 The plaintiff's signature created the promissory note in dispute, which was exchanged with the Federal Reserve for the plaintiff's signed note.

13.7 Plaintiff's promissory note never became a registered security and a financial asset that can be negotiated because, for commercial instruments to be legal tender, they must be secured by a maritime

lien on a prepaid trust account recorded at the county and registered on a UCC-1. It becomes a registered security and a financial asset that can be negotiated.

13.8 The defendants further complicated the fraudulent process by selling their payables to another entity to remove it from their balance sheet.

13.9 **This is called securitization or off-balance sheet financing.** The plaintiff was not provided with a loan, and the defendants failed to file evidence on the record to prove a contract existed.

13.10 The original contract and an accounting of the loan entries were never filed in the wrongful foreclosure case against the plaintiff's property.

13.11 The Attorney who signed to start the dispute did not have standing.

### IXV. Scheme to Defraud:

14.1 The contract should be rescinded because the defendant did not provide full disclosure, the contract is highly deceptive and unconscionable, In re Pearl Maxwell, 281 B.R. 101

14.2 The Truth in Lending Act, Regulation Z, 12 CFR §226.23, states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was zero because Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

14.3 Promissory Notes and other commercial instruments are legal tender and financial assets to the originator and liabilities to the lender. If a security interest in the note is perfected by recording it on a lien as a registered security, the maker or originator becomes an entitlement holder in the asset.

14.4 But the defendants do not understand that they have this liability because most people are unaware of it.

a. UCC §1-201(24), §3-104, §3-306, §3-105,

b. UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511

c. UCC §§9-102(9), (11), (12)(B), (49), (64)

d. 12 USC 1813(l)(1)

14.5 The defendants' records will show an offsetting liability to the plaintiff pursuant to FAS 95, GAAP, and Thrift Finance Reports (TFR).

14.6 These records include:

a. FR 2046 balance sheet,

b. 1099-OID report,

c. S-3/A registration statement,

d. 424-B5 prospectus and

e. RC-S & RC-B Call Schedules

14.7 The defendants never registered the plaintiff's signed promissory note (commercial instrument) because they knew it was showing as a financial asset on their books.

14.8 The defendants did not register the promissory note to establish a security interest in the financial asset to take the position of a secured creditor.

14.9 The promissory note is not listed on a maritime lien against the prepaid trust account and filed with the county recorder and put on a UCC-1.

a. §8-102(13), §9-203; §9-505, §9-312

b. 46 USC §§31321, 31343, 46 CFR 67.250, §9-102(52), §9-317, §9-322

14.10 Plaintiff demands the original foreclosure claim to be set off for recoupment and to have the assets cancel out the liabilities according to:

a. FAS 140, §3-305, §3-601, §8-105, §9-404

14.11 A bank selling an unregistered note that is a security is a violation of both state and federal law. According to statutes, that violation provides a right to rescission of the contract.

### XXI. Elements for Breach of Contract:

21.1 There is a contract that was breached.

21.2 The breach is material.

21.3 The breach leads to direct and/or consequential damages.

21.4 The breach occurred within the last three years.

### 1st Claim- Wrongful Foreclosure:

The foreclosing party did not have standing to execute the foreclosure process.

### 2nd Claim- Violation of the FDCPA:

The defendant violated one or more of the provisions in 15 U.S.C. §§ 1692 a-1692.

### 3rd Claim- Violation of The Truth In Lending Act:

The Truth in Lending Act, Regulation Z, 12 CFR §226.23

### 4th Claim- Breach of Contract:

The defendant is in breach of contract, as the original debt was zero because the Plaintiff's financial assets were exchanged for FED's promissory notes in an even exchange.

### 5th Claim Violation of Federal Trust and Lien Laws:

The defendant violated Federal Trust and Lien Laws when he/she signed on behalf of the trustee without legal authorization.

### 6th Claim- Slander of Title:

The defendants have caused various documents to be recorded, which has impaired the plaintiff's title and constitutes a slander of title.

### 7th Claim- Slander of Credit

The plaintiff alleges that the actions and inactions of the defendants have impaired their credit.

### 9th Claim- Infliction of Emotional Distress:

The defendants have intentionally or negligently taken actions that have caused the plaintiff's severe emotional distress.

**Wherefore**, having set forth various causes of action against the defendants, the plaintiffs pray for the following relief:

1. This Court Vacates the foreclosure process for sale scheduled November 26, 2024, based on the attorney's fraudulent misconduct mentioned in the claim and grants damages.

2. The actions of defendants be determined unfair and deceptive business practices in violation of Federal Laws, and Federal Security statutes.

3. To have the alleged debt discharged.

4. To be awarded compensatory and punitive damages of 5.5 million dollars, including costs and legal expenses with a clear title and deed.

5. The Plaintiff should be awarded consequential damages to be fully proved during trial.

7. That the Court grant any other relief that may be just or equitable.

8. The defendants contact the credit reporting agencies and correct the false information that was reported to them.

*Marquita Hagins* 11/29/2024
Marquita Hagins

**AFFIDAVIT OF Marquita Hagins**

**STATE OF NORTH CAROLINA**

**COUNTY OF JOHNSTON**

I, the Affiant, Marquita Hagins who goes by a woman, being of sound mind, and over the age of twenty-one, reserving all rights, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been represented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, by laws in and for the State of North Carolina, in good faith, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following statements and facts, are true and correct of Affiant's own first-hand knowledge, understanding, and belief, do solemnly declare, and depose and say:
FURTHER AFFIANT SAITH NOT.

I declare under the penalty of bearing false witness before God and as recognized under the laws in and for The State of NORTH CAROLINA, the Laws of the United States of America, acting with sincere intent and full standing in law, do herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and not intended to mislead anyone, and that Rodney Coble, executes this document in accordance with best knowledge and understanding without dishonor, without recourse; with All rights reserved, without prejudice.

Done this 29th day of November in the year 2024, under penalty of perjury under the laws of the United States of America.

_Marquita Hagins_
Marquita Hagins

SUBSCRIBED AND SWORN to this 29th day of, 11-29-24

Notary Public; in and for Johnston County, NC
_Lisa Howell Holland_