FILED

FEB 10 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Marquita Hagins ]

Plaintiff ]

Vs.] Case No: 5:2**MH**-CV-00688-BO-RN

Crystal Sherron]

Aaron Gavin ]

Michelle Ball]

Supreme Court]

State of North Carolina]

Register of Deeds]

## MOTION FOR SUMMARY JUDGMENT

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]Comes Now Plaintiff Marquita Hagins, to strike any pleading filed by the attorney as he is a party to the case, and to move the court for summary judgment pursuant to 60-256 (a), 2, (e), 2. and states: A party claiming relief may move, with or without supporting affidavits or supporting declarations pursuant to *N.C. Gen. Stat. § 7A-98*, and amendments thereto, for summary judgment on all or part of the claim.

### Statement Of Material Fact:

The defendant failed to deny or argue the factual allegation in the plaintiff's 42 USC 1983 civil rights claim, and therefore, no genuine issue exists in case number 5:24-CV-005513-500

### There Are No Genuine Issue As To The Following Facts.

a. The day-to-day administrative process violated the plaintiff's due process and the federal constitution, as the foreclosure statute is not a valid law.

b. The foreclosure statute does not have the three elements the state constitution mandates must be present for it to be considered a valid law.

c. The defendants committed real estate deed fraud when they failed to deliver the plaintiff's deed to her after purchasing the property, as state property transfer law mandated.

d. The defendant continues to argue their state's foreclosure process when the claim is a civil rights claim.

e. The defendants violated 42 U.S. Code Sec. 1983.

f. The defendants violated conspiracy statutes.

g. The defendants committed forgery.

h. The defendants violated the plaintiff's right to due process.

i. The defendants committed wrongful foreclosure.

j. The defendants breached the contract.

k. The defendants obstructed the administration of justice.

l. Infliction of emotional distress

The plaintiff is entitled to judgment as a matter of law.

## Summary Judgment Standard:

Summary judgment standards A court grants a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure if a genuine issue of material fact does not exist and if the movant is entitled to judgment as a matter of law. The court determines "whether there is the need for a trial, in other words, there are any genuine factual issues that can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will AAA preclude summary judgment." Id. There

are no genuine issues for trial if the record taken (as a whole) would not persuade a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The initial burden is with the movant to "point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, 506 U.S. 1013 (1992). If this burden is met, the nonmovant must "set forth specific facts' that would be

admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 671 (10th Cir.1998). (citations omitted). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." Id. A party relying on only conclusory allegations cannot defeat a properly supported motion for summary judgment. White v. York Intern. Corp., 45 F.3d 357, 363 (10th Cir.1995). Only admissible evidence may be reviewed and considered in a summary judgment proceeding. See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir.1995).

The nonmovant's burden is more than simply showing "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "All material facts outlined in the statement of the movant shall be deemed admitted for summary judgment unless specifically controverted by the statement of the opposing party." Vasquez v. Ybarra, 150 F.Supp.2d 1157, 1160 (D.Kan.2001) (citing Gullickson v. Southwest Airlines Pilots' Ass'n, 87 F .3d 1176, 1183 (10th Cir.1996); see also D. Kan. Rule 56.1(b)(1). The summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure every action's just, speedy, and inexpensive determination.' Fed.R.Civ.P. 1." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

Wherefore:

The Plaintiff requests that this court:

1. Grant this motion.

2. Order final summary judgment for the plaintiff and against all the defendants on all issues, and claims, and all theories of recovery.

3. Order the defendants to pay the full amount listed as damages.

4. Order such further relief to which the plaintiff is entitled.

*Marquita Hagins* 02/10/2025

Marquita Hagins

## CERTIFICATE OF SERVICE

I hereby certify that on the __10__ th day of __feb__, 02/10/2025, the foregoing document was filed in Court, and a copy was Emailed out to the attorney on record.

_Marquita Hagins_ 02/10/2025

Marquita Hagins

Without Prejudice UCC 1-308

Marquita Hagins Permanent Address:

Rural Route Delivery

222 Trailing Oak Trail.

Clayton, North Carolina. 00000

Mailed to the following:

| | |
|---|---|
| Crystal Sherron | Chris D. Agosta Carreiro |
| 207 E Johnston St | Attorney General Office |
| Smithfield, NC 275277 | PO BOX 629 |
| | Raleigh, NC 27602 |
| | |
| Michelle Ball | Elizabeth Curran O'BrienBar#28885 |
| 207 E Johnston St | Attorney General Office |
| Smithfield, NC 27577 | PO BOX 629 |
| | Raleigh, NC 27602 |
| | |
| Aaron Gavin | Jason Purser Bar#28031 |
| LOGS LEGAL GROUP LLP | LOGS LEGAL GROUP LLP |
| 10130 Perimeter Parkway, STE 400 | 10130 Perimeter Parkway, STE 400 |
| Charlotte, NC 28216 | Charlotte, NC 28216 |
| | |
| Register of Deeds of Johnston County | The Supreme Court |

222 Trailing Oak Trl
Clayton NC 27527

207 E. Johnston St STE 209  
Smithfield, NC 27577

2 E Morgan St  
Raleigh, NC 27601

Peter A. Moore  
310 New Bern Ave.  
Raleigh, NC 27601

eobrien@ncdoj.gov, jpurser@logs.com, csherron5@gmail.com, ccarreiro@ncdoj.gov, Survaman@aol.com,